## BURNHAM *v.* RUNKLE.

### (*Circuit Court, D. New Jersey.* November 15, 1889.)

CONTRACT—CONSTRUCTION—NOVATION.

 M., employed by defendant to raise money to be deposited as a guaranty for fulfillment of a contract awarded to defendant, borrowed the money from plaintiff, and deposited it, and defendant undertook to pay this money to M. if it should be forfeited.   Defendant failed to perform the contract, by reason of which the deposit was forfeited, and he became liable to M. for the amount and interest, and also liable for damages for breach of contract.   To secure release from liability for damages, defendant executed a power of attorney to J., authorizing him to receive anything due him under the contract, and to do anything necessary to obtain his release, etc.; and J. entered into an agreement with plaintiff by which he agreed, on behalf of defendant, that defendant would pay to plaintiff the balance due him on account of amount loaned by plaintiff to M., for which defendant was responsible to said M. *Held*, that defendant was bound by the agreement to pay plaintiff the balance due from M.

At Law.   Trial by the court, a jury having been waived by the stipulation of the parties.

Action by Santiago J. Burnham, a citizen of London, England, who sues for the use of Francisco G. Mediavilla, against Daniel Runkle, a citizen of New Jersey, to recover money due on a written agreement.

*Babbitt & Lawrence*, for plaintiff.

*Wallis & Edwards*, for defendant.

WALES, J.   This action is founded on a written agreement, which was entered into by the plaintiff and defendant, and grew out of certain transactions connected with negotiations for the loan of a large sum of money to the city of Havana, in the island of Cuba, and for obtaining the award of a contract to the defendant and others for the construction of water-works for supplying the city with water.   On· an examination of the testimony, and a consideration of the oral and written arguments of counsel, the court finds the following facts to be proved by the evidence,

or legally inferable therefrom, and on which judgment will be rendered:

(1) On the 18th of March, 1882, contracts for a loan and water-works were awarded by the city of Havana to Daniel Runkle, the defendant, Walter H. Gilson, James H. Lyles, and Maddison & Co., of London; and, on the 27th of the same March, Lino Martinez deposited the sum of $64,000, in Spanish gold, in the municipal treasury of Havana, "as a guaranty for the propositions which Messrs. Gilson, Runkle, and Lyles, and Maddison & Co., of London, have presented to the municipality of Havana for the loan of $5,600,000."

(2) Martinez had been employed by Runkle, who was acting for himself and his co-contractors, to raise the amount required to be deposited as a guaranty for the fulfillment of the contract; and in pursuance of this employment Martinez had borrowed the sum of $64,000 from the plaintiff, Burnham.

(3) Runkle, Gilson, and Lyles undertook to repay this sum of $64,000 to Martinez at any time he should ask for the same, if it should be demanded by the city in consequence of their not having carried out the contracts for the water-works, or for any cause for which the city might retain the deposit, and, as a remuneration, and for the payment of interest to Martinez, they assigned to him the amount of $25,000, payable monthly, at the rate of 1.137 per cent., from the amounts they should receive for the works. This undertaking fell through, in consequence of the final abandonment of the contracts, but the fact remains that it was the understanding of all the parties that Martinez was to be repaid the sum of $64,000, with interest, and also to be remunerated for his services or expenses.

(4) Subsequently to these proceedings Runkle became the assignee of all the rights and interests of his co-contractors, under their contract with the city of Havana, and thenceforward was solely entitled to all the profits that might accrue from its performance, and liable for the consequences of its non-performance.

(5) Runkle failed to perform the contract for the water-works, and, by reason of his default, the sum deposited with the city of Havana, as a guaranty, was forfeited, and he became liable for such damages as were sustained by the city on account of his failure. He also became responsible to Martinez for the repayment of the guaranty deposit, with interest, and the expenses incurred in effecting the loan from Burnham, amounting in all to the sum of $83,087.36, as per account stated between Burnham and Martinez, on the 4th of August, 1884.

(6) Runkle, being desirous of procuring a full and general release from all liability on account of his connection with the contract for the loan and water-works, executed in due form, on the 25th of June, 1884, a letter of attorney to Jose M. Mestré, who was then in the city of Havana, authorizing him to demand and receive such sum or sums of money and property of any kind, of right belonging to Runkle, "under or in connection with the contracts for the loan and water-works, made in consequence of the public bidding therefor, on the 18th of March, 1882, and which loan and contract were awarded to me, [him,] together

with Walter H. Gilson and Maddison and Company, and also James H. Lyles," and "to do all things necessary in the judgment of my said attorney, and to obtain my release from all liability as one of the contractors in connection with the said loan and water-works; giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present," etc.

(7) By virtue of the authority conferred on him by the aforesaid letter of attorney, Mestré, on the 4th of August, 1884, acting for and in the name of Runkle, entered into a written agreement or stipulation, in the Spanish language, with Burnham, of which the following is a translation:

"This present is to certify, to which I desire to give all the force of a public instrument, that I, Mr. S. J. Burnham, having received from Mr. Lino Martinez the sum of sixty-four thousand dollars gold, on account of the sum of $83,087.36 which results in my favor from the account that under this date has been presented to Mr. Lino Martinez in relation to the drafts drawn on the 24th of March, 1882, by Mr. H. J. Overmann upon Mr. E. C. Maddison, of London, and indorsed to my order by the said Mr. Lino Martinez, the which were protested for non-payment, and protected in due course by the Messrs. Baring Brothers and Company, of London, as the representatives of the Messrs. J. C. Burnham and Company, have agreed, in regard to the balance of $19,087.36 that still remains unpaid, as follows: Recognizing, as I recognize, Mr. Daniel Runkle as the assignee of Mr. Walter H. Gilson, who in his turn was the assignee of Mr. E. C. Maddison, for himself and for the firm of Maddison and Company, I bind myself to place at the disposal of said Mr. Runkle the shares of the Charnwood Forest Railway Company, of the nominal value of fourteen thousand pounds sterling, which the aforesaid Messrs. Maddison & Company deposited in my hands, and transferred to me as guaranty for the reimbursement of the amount of the aforesaid drafts, and the expenses and interest relating thereto, so soon as such balance of $19,087.36 shall be satisfied by the aforesaid Mr. Runkle, which it is to be done within the period of three months, counting from the date hereof; it being left to his discretion either to do so directly, or to direct that, if the said shares deposited there be sold, (in accordance with such instructions that for such purpose he may give,) such portion as may be necessary for the reimbursement of such balance of $19,087.36, which being covered the remaining shares shall remain all at the free disposal of Mr. Runkle, as well as any balance in cash that may arise on the partial sale of such shares. The sum owing shall carry interest at nine per cent. per annum until its complete payment. Mr. Jose Manuel Mestré, as the attorney in fact of Mr. Runkle, subscribes this present stipulation by way of assent, in the name of his principal. That, in order that it may have all its due effect, this is done and signed in triplicate, of the same tenor, one for each party, at Havana, the 4th of August, 1884.

### "MEMORANDUM AS TO CORRECTIONS.

"*Nota.* At the moment of signing, Mr. S. J. Burnham stated that he assigns and transfers to Mr. Candido Zabarte y Paris, all the rights and rights of action that belong to him under the foregoing instrument, subrogating him in his place and stead, by reason of having received from him the aforesaid balance of $19,087.36; but on the understanding that said Burnham remains always bounded to sell the shares of stock in question to the order of Mr.

Runkle, as set forth, and to deliver to the latter the balance of the proceeds of the sale, and the shares remaining.  Dated as above.

[Signed]

"Jose Manl. Mestre.
"S. J. Burnham.
"L. Martinez.
"Cando. Zabarte y Paris.

"As witnesses:
"E. Cosculluela.
"Antonio Pais."

(8) Runkle had no property or debts belonging to or due to him, in the city of Havana, and the letter of attorney was executed for the sole purpose of authorizing Mestré to procure his release from any and all liability as a contractor in connection with the water-works; and there is no proof that Mestré received notice of the revocation of the letter before he signed the agreement with Burnham.

(9) Martinez exerted himself to obtain from the authorities of Havana the release of Runkle, and the return of the deposit money, in consideration of Runkle entering into the agreement with Burnham.

(10) The right of action, accruing to Burnham under the agreement, was assigned by him to Candido Zabarte y Paris, and by the latter to Francisco G. Mediavilla.

### CONCLUSION.

The opinion of the court is that the agreement, of August 4, 1884, was assented to by Runkle, through Mestré, who had full power, under the letter of attorney, to bind his principal.  The consideration for the agreement, on the part of Runkle, was his release from liability under his contract with the city of Havana, the return of the deposit money, both obtained by Martinez, and the remuneration to Martinez for interest and expenses incurred in making the loan from Burnham, and for Martinez's personal services in effecting this consummation.  In making the agreement, of August 4th, Runkle only exchanged creditors.  Martinez was indebted to Burnham in the sum of $19,087.36, and Runkle was indebted to Martinez for a like amount.  By the agreement, Runkle assumed the payment of this sum to Burnham in the manner set out in the agreement.

Judgment will be entered for the plaintiff for $19,087.36, with interest at the rate of 9 per cent. per annum from August 4, 1884, to the date of the entry thereof,—that is, for the period of 5 years, 3 months, and 11 days,—being $9,070.46, amounting, principal and interest, to the sum of $28,157.82.